UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EVELYN CONERLY HUTCHINS, ET AL. | CIVIL ACTION |
| VERSUS | NO: 19-11326<br>c/w: 21-369 |
| ANCO INSULATIONS, INC., ET AL. | SECTION: "J"(5) |

## ORDER & REASONS

Before the Court are a *Motion to Remand* **(Rec. Doc. 142)** filed by Plaintiffs, Derek Hutchins, Dolan Hutchins, and Evelyn Conerly Hutchins, and an opposition thereto (Rec. Doc. 146) filed by Defendant, Continental Insurance Company ("Continental"). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiffs allege that the decedent, Raymond Hutchins, Jr. ("Mr. Hutchins"), was exposed to asbestos while aboard vessels owned and operated by his employer, Lykes Bros. Steamship Company ("Lykes Bros."), between 1964 and 2006. Specifically, Mr. Hutchins allegedly worked aboard the *Margaret Lykes*, *Dolly Turman*, *Genevieve Lykes*, and *Elizabeth Lykes*, which were built by Avondale Shipyard (Avondale) pursuant to contracts with the United States Maritime Administration (MARAD).

Originally, Plaintiffs filed suit in state court against more than 30 defendants, including Huntington Ingalls, Avondale's successor. In response, on June 21, 2019, Huntington Ingalls removed the case to federal court, asserting federal officer jurisdiction. Plaintiffs did not attempt to remand the original lawsuit.

Subsequently, on February 24, 2020, Plaintiff filed a separate suit in state court against Continental, Lykes Bros.' alleged insurer. Continental removed the case to this Court on February 19, 2021, also asserting federal officer jurisdiction, and this new case was subsequently consolidated with the original case. In response, Plaintiffs filed a motion to remand, arguing: (1) the removal was untimely; (2) Continental has failed to meet the requirements of federal officer jurisdiction and removal; and (3) Plaintiffs' Jones Act and unseaworthiness claims against Continental are non-removable.

**DISCUSSION**

**I.  TIMELINESS OF REMOVAL**

Plaintiffs contend that removal was untimely because their amended petition, filed September 16, 2020, provided Continental with notice that Mr. Hutchins worked aboard vessels built pursuant to the directions of federal officers while employed at Lykes Bros. Specifically, Plaintiffs argue that the amended petition identified the vessels that Mr. Hutchins worked aboard and that Continental had subjective knowledge that these vessels had been built by Avondale under the Construction-Differential Subsidy (CDS) program administered by MARAD. In opposition, Continental asserts that removal was timely because it was not apparent from the

face of Plaintiffs' petition that the case was removable, and the vessel status cards provided to Continental on January 21, 2021 by their retained expert, Christopher Herfel, were the first "other papers" showing that the case was removable.

"[T]he thirty day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that" the case is removable. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992); *see also Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994). If a case is not initially removable, a defendant may file a notice of removal "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Additionally, "the defendant's subjective knowledge cannot convert a case into a removable action." *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 612 (5th Cir. 2018) (citation omitted).

Here, Plaintiffs' amended petition on its face does not affirmatively reveal that the case is removable, as it contains no statement that Mr. Hutchins worked aboard a vessel built at the direction of federal officers. Instead, the petition only names the ships Mr. Hutchins worked aboard and states that the vessels were constructed at the Avondale shipyard, which, contrary to Plaintiffs' contentions, is insufficient to reveal that these ships were built at the direction of federal officers. Since Continental's subjective knowledge that these ships were built at the direction of federal officers cannot make the case removable, the Court must determine when

3

Continental received an "other paper" from which it was ascertainable that the case was removable. *See* § 1446(b)(3).

Continental argues that the vessel status cards provided by its own retained expert were "other papers," which provided it with notice that the case was removable. However, the Fifth Circuit has upheld the voluntary-involuntary rule, which states that only the voluntary acts of a plaintiff may qualify as an "other paper," thus a non-removable case may not be converted into a removable case by evidence of the defendant. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 254 (5th Cir. 1961). Citing this rule, Plaintiffs' argue that, since the vessel status cards are not the result of any voluntary action taken by Plaintiffs, they do not qualify as "other papers" for purposes of removal.

The voluntary-involuntary rule was developed by the Supreme Court before § 1446 was amended to allow for removal after receipt of papers from which the defendant could ascertain that the case was removable. *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 281 (1918); Act of May 24, 1949, Pub. L. No. 81-72, § 83(a), 63 Stat. 89, 101 (1949). Nevertheless, despite the text of § 1446(b) containing no requirement that the "other paper" be voluntarily provided by a plaintiff, the Fifth Circuit continues to adhere to the voluntary-involuntary rule. *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547–48 (5th Cir. 1967). However, the Supreme Court and the Fifth Circuit have recognized an exception to the voluntary-involuntary rule in cases of improper joinder. *Great N. Ry. Co.*, 246 U.S. at 282; *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287,

295 (5th Cir. 2019), as revised (Aug. 23, 2019). Thus, this judicially created rule is subject to judicially created exceptions.

Historically, the Supreme Court strongly supported the right of removal for conduct performed under color of federal office by liberally interpreting 28 U.S.C. § 1442. *See Arizona v. Manypenny*, 451 U.S. 232, 242 (1981); *Willingham v. Morgan*, 395 U.S. 402, 407 (1969). This preference for federal officer removal is justified by the policy consideration that, "[i]f the federal government can't guarantee its agents access to a federal forum if they are sued or prosecuted, it may have difficulty finding anyone willing to act on its behalf." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006). The Ninth Circuit relied on this policy when it extended the Supreme Court's liberal interpretation of § 1442 to the timeliness requirements in § 1446. *Id.* Although the Fifth Circuit has yet to rule on this precise issue, the Ninth Circuit's decision to liberally interpret § 1446 in federal officer removal cases was cited favorably by the Fifth Circuit in *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 607 n.10 (5th Cir. 2018).

In addition, the procedural history of this case and the waste of judicial economy which would ultimately result from remanding this case give the Court pause. Plaintiffs' original petition against the other defendants alleged that the United States Navy may have provided specifications regarding the use of asbestos in the ships. However, after that case had been removed to federal court, Plaintiffs intentionally and selectively left that specific allegation out of their subsequently filed petition against Continental. Further, as a practical matter, Plaintiffs' argument

5

would require the Court to remand this case, only for Continental to eventually force Plaintiffs, through the discovery process, to disclose that these vessels were built under the directions of federal officers, which would inevitably lead to Continental removing this case back to this Court. *See Morgan*, 879 F.3d at 612 (holding that the time to file a notice of removal may be triggered by the receipt of a deposition transcript). As a matter of judicial economy, this result would be an absurd waste of judicial resources, especially considering that Plaintiffs' original claims against the remaining defendants would remain before this Court. *Cf. Hines v. AC & S, Inc.*, 128 F. Supp. 2d 1003, 1008 (N.D. Tex. 2001) (explaining the absurdity of "straw man" depositions).

Accordingly, the Court finds that the policy considerations underlying federal officer removal and judicial economy concerns warrant a departure from the voluntary-involuntary rule under the facts of this case. Because Continental filed their notice of removal within thirty days of receiving written notice from its expert that the vessels in question were built under the directions of federal officers, the Court concludes that removal was timely.

## II. WHETHER THE REQUIREMENTS OF FEDERAL OFFICER REMOVAL ARE SATISFIED

Continental removed this case pursuant to the federal officer removal statute, which permits "any person acting under [an officer] of the United States or of any agency thereof" to remove a state suit to federal court if any of the plaintiff's claims are "for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). To qualify for removal under § 1442(a)(1), a defendant must show: "(1) it has asserted a

colorable federal defense, (2) it is a "person" within the meaning of the statute, (3) [it] acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions." *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020) (en banc).

Continental's assertion of the government contractor defense under *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), is colorable because, as in *Latiolais*, it is not "wholly insubstantial and frivolous." *Id.* at 297-98. Specifically, Continental presented evidence that the federal government approved reasonably precise specifications for the construction of ships on which Mr. Hutchins worked, that the ships complied with those specifications, and that the government knew more than them about the asbestos-related hazards and appropriate safety measures. (Rec. Docs. 146-1; 146-2; 146-3); *see id.* Second, it is undisputed that Continental and Lykes Bros. qualify as "persons" under the federal officer removal statute. Third, Continental presented evidence that Lykes Bros. was acting under a federal officer because it had the vessels in question constructed, maintained, and operated pursuant to MARAD requirements for auxiliary merchant marine vessels participating in the CDS program. (Rec. Doc. 1-2); *Wilde v. Huntington Ingalls, Inc.*, 616 F. App'x 710, 713 (5th Cir. 2015) (holding that a defendant's compliance with MARAD requirement satisfies this element). Finally, Continental presented evidence that the claims are related to the government's directive because the alleged exposure occurred pursuant to compliance with MARAD requirements. *See Latiolais,* 951 F.3d at 296.

### III. WHETHER PLAINTIFFS' JONES ACT AND UNSEAWORTHINESS CLAIMS ARE REMOVABLE

Plaintiffs argue that their unseaworthiness claims are not removable under the saving to suitors clause in 28 U.S.C. § 1333(1), and their Jones Act claims are not removable under 28 U.S.C. § 1445(a).

Plaintiffs' arguments regarding the unseaworthiness claim are easily dispatched. The saving to suitors clause "does not guarantee plaintiffs a nonfederal forum, or limit the right of defendants to remove such actions to federal court where there exists some basis for federal jurisdiction other than admiralty." *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 220 (5th Cir. 2013) (cleaned up). For example, a maritime claim can be removed when there is diversity jurisdiction, 28 U.S.C. § 1332, or jurisdiction under the Outer Continental Shelf Lands Act, 43 U.S.C. § 1349(b). *See id.* at 219-23. Here, the federal officer removal statute, 28 U.S.C. § 1442(a)(1), provides the alternative basis for federal jurisdiction. Therefore, the unseaworthiness claim is removable.

The Jones Act claim presents a more complicated question. The Fifth Circuit has explained that "Jones Act suits may not be removed from state court because [46 U.S.C. § 30104] (the Jones Act) incorporates the general provisions of the Federal Employers' Liability Act, including 28 U.S.C. § 1445(a), which in turn bars removal." *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993); *see also Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455 (2001) ("[R]espondent raised a Jones Act claim, which is not subject to removal to federal court even in the event of diversity of the parties. *See* 28 U.S.C. § 1445(a) (incorporated by reference into the

8

Jones Act . . . ")). The question, then, is whether a Jones Act claim made nonremovable by § 1445(a) is nevertheless removable pursuant to § 1442(a).

It appears this Court is the first to decide this issue, although two cases from the Middle District of Louisiana came close in 2014. *See Bartel v. Alcoa S.S. Co.*, 64 F. Supp. 3d 843, 852 (M.D. La. 2014); *Craig v. Am. Overseas Marine Corp.*, No. 14-256, 2014, WL 7186767, at *3 (M.D. La. Dec. 16, 2014). However, both decisions concluded that the elements for federal officer removal were not met, making it unnecessary to resolve the tension between § 1442 and § 1445. *Bartel*, 64 F. Supp. 3d at 852, 856 ("Only if removal jurisdiction is proper pursuant to § 1442(a)(1) will the court address the issue of non-removability pursuant to § 1445(a). . . . APL has not established that the court has jurisdiction over this action pursuant to § 1442(a)(1)."); *Craig*, 2014 WL 7186767, at *3, *7 (same). Both noted that there was "no governing law on the interplay between § 1442 and § 1445" at that time. *Bartel*, 64 F. Supp. 3d at 852; *Craig*, 2014 WL 7186767, at *3. The Court's own research has uncovered no cases directly addressing this issue before or since *Bartel* and *Craig*, nor do the parties cite to any.

Statutory language is not particularly helpful here. Section 1445(a) states that Jones Act cases "may not be removed to any district court of the United States." 28 U.S.C. § 1445(a). The federal officer removal statute states that cases meeting its requirements "may be removed . . . to the district court of the United States." 28 U.S.C. § 1442(a). Nevertheless, the Court finds its answer in the policy justifications behind § 1442(a).

9

This Order and Reasons has already touched on the policy behind federal officer removal. *See supra* Part I of Discussion. At the risk of being repetitive, the Court notes that:

> The purpose of this removal statute is to protect the lawful activities of the federal government from undue state interference. *See Mesa v. California*, 489 U.S. 121, 126 (1989). Section 1442(a) serves to overcome the "well-pleaded complaint" rule that would otherwise preclude removal even if a federal defense is asserted. *See id.* at 136. Unlike the general removal provision, which is strictly construed in favor of remand, the federal officer removal statute is liberally construed in favor of removal. *Watson v. Philip Morris Cos. Inc.*, 551 U.S. 142, 147–48 (2007); *Willingham v. Morgan*, 395 U.S. 402, 406 (1969).

*Bartel*, 64 F. Supp. 3d at 852-53; *Craig*, 2014 WL 7186767, at *3. In *Willingham*, the Supreme Court described § 1442(a)(1) as providing an "absolute" right of removal:

> . . . [T]he Federal Government can act only through its officers and agents, and they must act within the States. If, when thus acting, and within the scope of their authority, those officers can be arrested and brought to trial in a State court, for an alleged offense against the law of the State, yet warranted by the Federal authority they possess, and if the general government is powerless to interfere at once for their protection,—if their protection must be left to the action of the State court,—the operations of the general government may at any time be arrested at the will of one of its members.
>
> For this very basic reason, the right of removal under s 1442(a)(1) is made ***absolute*** whenever a suit in a state court is for any act 'under color' of federal office, regardless of whether the suit could originally have been brought in a federal court. . . .
>
> . . . The federal officer removal statute is not 'narrow' or 'limited.' At the very least, it is broad enough to cover all cases where federal officers can raise a colorable defense arising out of their duty to enforce federal law. One of the primary purposes of the removal statute—as its history clearly demonstrates—was to have such defenses litigated in the federal courts. . . . ***This policy should not be frustrated by a narrow, grudging interpretation of s 1442(a)(1).***

10

*Willingham*, 395 U.S. at 406-07 (cleaned up; emphasis added). These themes are echoed by the en banc Fifth Circuit in *Latiolais*. *See* 951 F.3d at 290 ("Federal officers may remove cases to federal court that ordinary federal question removal would not reach.").

Meanwhile, § 1445(a) is not a jurisdictional bar; it is a defense to removal that can be waived if not timely invoked. *See Lirette v. N.L. Sperry Sun, Inc.*, 820 F.2d 116 (5th Cir. 1987) (en banc). Jones Act cases are frequently litigated in federal court; they are not the exclusive provenance of state courts.

In the face of these policy considerations, § 1445(a) must give way. Accordingly, the Court holds that a Jones Act claim may be removed from state court under § 1442(a), notwithstanding the fact that it is "nonremovable" under § 1445(a).

## CONCLUSION

For these reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion to Remand* **(Rec. Doc. 142)** is **DENIED**.

New Orleans, Louisiana, this 17th day of May, 2021.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

11