UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EVELYN CONERLY HUTCHINS, ET AL.　　　　　　　　　　CIVIL ACTION

VERSUS　　　　　　　　　　　　　　　　　　　　　　NO: 19-11326
　　　　　　　　　　　　　　　　　　　　　　　　　c/w: 21-369

　　　　　　　　　　　　　　　　　　　　　　　　　APPLIES TO: 19-11326

ANCO INSULATIONS, INC., ET AL.　　　　　　　　　　SECTION: "J"(5)

## ORDER & REASONS

Before the Court are a *Motion for Summary Judgment* **(Rec. Doc. 148)** filed by Dixie Machine Welding & Metal Works, Inc. ("Dixie Machine") and oppositions thereto filed by Huntington Ingalls Incorporated, Derek Hutchins, Dolan Hutchins, and Evelyn Conerly Hutchins (collectively, "Opponents"). (Rec. Docs. 154, 156). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiffs allege that the decedent, Raymond Hutchins, Jr. ("Mr. Hutchins"), was exposed to asbestos while aboard vessels owned and operated by his employer, Lykes Bros. Steamship Company ("Lykes Bros."), between 1964 and 2006. Specifically, Mr. Hutchins allegedly worked aboard the *Margaret Lykes*, *Dolly Turman*, *Genevieve Lykes*, and *Elizabeth Lykes*, which were built by Avondale

Shipyard (Avondale) pursuant to contracts with the United States Maritime Administration (MARAD).

Plaintiffs also allege that the decedent was exposed to asbestos on the vessels to which he was assigned due to dockside repair work performed by Dixie Machine. In response to these allegations, Dixie Machine filed the instant motion for summary judgment, arguing that Plaintiffs have failed to provide any facts supporting their allegations. Opponents argue that Dixie Machine's motion is premature because discovery has not commenced.

## **LEGAL STANDARD**

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

## **DISCUSSION**

Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, if a nonmovant shows that "it cannot present facts essential to justify its opposition" to a motion for summary judgment, the Court may: "(1) defer considering the motion or deny it; (2)

2

allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Rule 56(d) "provides a mechanism for dealing with the problem of premature summary judgment motions." *Murillo v. Coryell Cty. Tradesmen, LLC*, No. 15-3641, 2017 WL 228218, at *1 (E.D. La. Jan. 19, 2017) (citing *State Farm Fire & Cas., Co. v. Whirlpool Corp.*, No. 10-1922, 2011 WL 3567466, at *2 (N.D. Tex. Aug. 15, 2011)). Rule 56(d) "allows for further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006).

Although Rule 56(d) ordinarily requires that the opposing party submit a supporting affidavit or declaration, some courts have held that other filings signed by an attorney, such as an opposition or opposing motion, that alert the court of the need for further discovery meet this threshold requirement because they serve the same function. *See First Chicago Intern. v. United Exchange Co., Ltd.*, 836 F.2d 1375, 1380 (D.C. Cir. 1988). As stated by the Fifth Circuit, "[f]orm is not to be exalted over fair procedures." *Littlejohn v. Shell Oil Co.*, 483 F.2d 1140, 1146 (5th Cir. 1973). The guarantees of trustworthiness and reliability stemming from an attorney's signature under Rule 11 are equivalent to those present in a formal declaration signed by the same. Edward Brunet et al., *Summary Judgment: Federal Law and Practice* § 7:5 (2020). Therefore, the Court concludes that the oppositions signed by counsel for Opponents are sufficient to meet the formal threshold requirement of Rule 56(d).

Opponents argue that Dixie Machine's motion for summary judgment is premature because the parties have not conducted a Rule 26(f) discovery conference.

However, "Rule 56 does not require that any discovery take place before summary judgment can be granted." *Mendez v. Poitevent*, 823 F.3d 326, 336 (5th Cir. 2016) (internal citations omitted). Nevertheless, Opponents may obtain relief under Rule 56(d) if they "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (internal citations omitted).

In this case, Opponents assert that Lykes Bros., decedent's employer, was Dixie Machine's largest customer from the 1950s until 1983 and that Dixie Machine performed worked on every Lykes Bros. vessel, including the vessels that decedent worked aboard. Additionally, Opponents allege that Dixie Machine employees often cut pieces of insulation to access pipes that they needed to weld and re-insulated these pipes after they were finished. (Rec. Doc. 154 at pp. 11-12). Thus, Opponents submit that they are entitled to meaningful discovery to determine whether the exposure caused by Dixie Machine's repairs was a substantial contributing cause of decedent's mesothelioma. The Court agrees. Without such discovery, Plaintiffs cannot reasonably be expected to establish genuine issues of material fact which would preclude summary judgment.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Dixie Machine's *Motion for Summary Judgment* **(Rec. Doc. 148)** is **DENIED without prejudice**. Dixie Machine may re-urge this motion once meaningful discovery has occurred.

New Orleans, Louisiana, this 12th day of July, 2021.

	CARL J. BARBIER
	UNITED STATES DISTRICT JUDGE