UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EVELYN CONERLY HUTCHINS, ET AL. | CIVIL ACTION |
| VERSUS | NO: 19-11326<br>c/w 21-369 |
| ANCO INSULATIONS, INC., ET AL. | SECTION: "J"(5) |

**ORDER & REASONS**

Before the Court are several motions for summary judgment **(Rec. Docs. 357, 358, 360, 361, 366, and 372)** filed by Plaintiffs, Evelyn Conerly Hutchins, Derek Hutchins, and Dolan Hutchins in this case. These motions are either opposed by Third-Party Plaintiff, Continental Insurance Company or Defendant, Huntington Ingalls, Inc. ("Avondale") and many are opposed by both. Plaintiffs also filed reply memoranda to many of the motions. The Court considers each of the motions and legal memoranda in turn, as well as the record and applicable law.

**FACTS AND PROCEDURAL BACKGROUND**

Plaintiffs allege that the decedent, Raymond Hutchins, Jr. ("Mr. Hutchins"), was exposed to asbestos while aboard vessels owned and operated by his employer, Lykes Bros. Steamship Company. ("Lykes Bros.") Mr. Hutchins allegedly worked aboard multiple Lykes Bros. vessels which were built by Avondale Shipyard pursuant to contracts with the United States Maritime Administration (MARAD). Originally, Plaintiffs filed suit in state court against more than 30 defendants, including Huntington Ingalls, Avondale's successor. In response, on June 21, 2019, Huntington

1

Ingalls removed the case to federal court, asserting federal officer jurisdiction. Subsequently, on February 24, 2020, Plaintiff filed a separate suit in state court against Continental, Lykes Bros.' alleged insurer. Continental removed the case to this Court on February 19, 2021, also asserting federal officer jurisdiction, and this new case was subsequently consolidated with the original case. Plaintiffs have now moved for summary judgment against numerous Defendants, arguing that there is no evidence that Mr. Hutchins was exposed to asbestos manufactured, sold, or supplied by any of the Defendants named in these motions.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little*, 37 F.3d at 1075.

Under Louisiana law, in an asbestos exposure case, the claimant must show that (1) "he had significant exposure to the product complained of," and that (2) the exposure to the product "was a substantial factor in bringing about his injury." *Rando v. Anco Insulations, Inc.*, 16 So. 3d 1065, 1091 (La. 2009) (quoting *Asbestos v. Bordelon, Inc.*, 726 So. 2d 926, 948 (La. App. 4 Cir. 1998)). The plaintiff bears the burden of proof on both elements. *Vodanovich v. A.P. Green Indus., Inc.*, 869 So. 2d

930, 932 (La. App. 4 Cir. 2004). When there are multiple causes of injury, "a defendant's conduct is a cause in fact if it is a substantial factor generating plaintiff's harm." *Adams v. Owens-Corning Fiberglas Corp.*, 923 So. 2d 118, 122 (La. App. 1 Cir. 2005) (citing Vodanovich, 969 So. 2d at 932).

"Because there is a medically demonstrated causal relationship between asbestos exposure and mesothelioma, every non-trivial exposure to asbestos contributes to and constitutes a cause of mesothelioma." *Labarre v. Bienville Auto Parts, Inc.*, No. 21-89, 2022 WL 293250, at *3 (E.D. La. Feb. 1, 2022) (citing *McAskill v. Am. Marine Holding Co.*, 9 So. 3d 264, 268 (La. App. 4 Cir. 2009)). Thus, as the Fifth Circuit has explained, "[e]ven if the plaintiff was only exposed to asbestos for a 'short period for an employer[,] and he had longer exposure working for others, it cannot be said the relatively short asbestos exposure was not a substantial factor in causing his mesothelioma.'" *Williams v. Boeing Co.*, 23 F.4th 507, 512 (5th Cir. 2022) (quoting *Rando*, 16 So. 3d at 1091). To defeat a motion for summary judgment in an asbestos case, the non-movant "need only show that a reasonable jury could conclude that it is more likely than not that [plaintiff] inhaled defendant's asbestos fibers, even if there were only 'slight exposures.'" *Id.* (citing *Held v. Avondale Indus., Inc.*, 672 So. 2d 1106, 1109 (La. App. 4 Cir. 1996)). The same causation standard (the substantial factor test) is used in cases involving product liability defendants and premises owner defendants. *Thomas v. A.P. Green Indus., Inc.*, 05-1064, pp. 22-23 (La. App. 4 Cir. 5/31/06), 933 So.2d 843, 860 (citing *Zimko v. American Cyanamid*, 2003-0658, p. 26

(La. App. 4 Cir. 6/8/05), 905 So.2d 465, 485, *writ denied*, 2005-2102 (La. 3/17/06), 925 So.2d 538).

## PLAINTIFFS' MOTIONS

Plaintiffs have filed numerous, virtually-identical motions for summary judgment. Each of Plaintiffs' motions presents the reverse of a typical motion for summary judgment. In each of these instances, Plaintiffs' have moved for summary judgment as to their own claims against the Defendants, arguing that there is no evidence that Mr. Hutchins was exposed to asbestos that was manufactured, sold, or supplied by any of these entities. In most if not all of these cases, it appears that Plaintiffs have already settled with these Defendants. Continental Insurance Company, the alleged insurer of Mr. Hutchins' employer, Lykes Bros., has opposed each of Plaintiffs' motions, arguing that there are genuine issues of material fact as to whether Mr. Hutchins was exposed and whether this exposure was a substantial contributing factor to his mesothelioma. Continental also argues that Plaintiffs are merely trying to preclude the allocation of comparative fault and maximize their recovery against Lykes Bros. and its insurer, Continental. Avondale has also opposed many of Plaintiffs' motions, again asserting that there are genuine issues of material fact.

1. *Motion for Partial Summary Judgment as to AW Chesterton* **(Rec. Doc. 357)**

Plaintiffs have moved for partial summary judgment as to AW Chesterton, arguing that "none of the evidence in this case establishes that Mr. Hutchins worked with or around products for which AW Chesterton is responsible, much less that any product allegedly sold, supplied, and/or distributed by any settling Defendant or non-party was a source of his asbestos exposures." (Rec. Doc. 357, at 4).

In opposition, Continental argues that there is evidence that Mr. Hutchins was exposed to asbestos by A.W. Chesterton. Although Mr. Hutchins died before he could be deposed, Continental points to the deposition testimony of one of his alleged former co-workers, John W. Fitzpatrick who "identified AW Chesterton as one of the manufacturers of pump packing materials used on the *Elizabeth Lykes . . .*" (Rec. Doc. 435, at 2). Mr. Fitzpatrick and another alleged co-worker, Ronald Buck Spencer, testified that Mr. Hutchins worked on pumps while aboard the *Elizabeth Lykes*. *Id.* Continental also points to Plaintiffs' own marine chemist and industrial hygiene expert, Troy Corbin, who opined that Mr. Hutchins was exposed to asbestos from various equipment including "insulation, boilers, piping, valves, winches, gaskets, etc." *Id.* at 3. Based on this evidence, the Court finds that is a genuine issue of material fact as to whether Mr. Hutchins was exposed to asbestos from AW Chesterton.

Plaintiffs also argue that even if exposure can be established, "Defendants cannot prove that any such products were a substantial factor in the development of Mr. Hutchins' injuries." (Rec. Doc. 357, at 6). In *McAskill v. American Marine Holding Co.*, the Louisiana Fourth Circuit held that the burden of causation for the

6

substantial factor test "can be met by simply showing that [the plaintiff] was actively working with asbestos-containing materials, such as insulating pipes or exhaust systems." 9 So.3d at 268. In this case, there is evidence that Plaintiff performed maintenance on pumps which contained AW Chesterton pump packing materials. Therefore, the Court finds that Plaintiffs' *Motion for Partial Summary Judgment as to AW Chesterton* **(Rec. Doc. 357)** is **DENIED.**

2. *Motion for Partial Summary Judgment as to Babcock & Wilcox* **(Rec. Doc. 358)**

Plaintiffs have also moved for partial summary judgment as to Babcock & Wilcox, arguing again that "none of the evidence in this case establishes that Mr. Hutchins worked with or around products for which Babcock & Wilcox is responsible, much less that any product allegedly sold, supplied, and/or distributed by any settling Defendant or non-party was a source of his asbestos exposures" (Rec. Doc. 358, at 4).

Continental and Avondale have both opposed this motion. (Rec. Docs. 436, 439). Continental argues that Babcock & Wilcox manufactured boilers on multiple vessels on which Mr. Hutchins served. (Rec. Doc. 436, at 2). Burnett L. Bordelon, who was the Superintendent of Insulation at Avondale, testified in 1983 that Babcock & Wilcox was one of two manufacturers whose boilers were installed on vessels made at Avondale. (Bordelon Deposition, Rec. Doc. 436-3, at 60). Mr. Bordelon also testified that multiple Lykes Bros. vessels, including the *Margaret Lykes* and the *Allison Lykes* were constructed at Avondale during the time period in which Babcock & Wilcox boilers could have been used. *Id.* at 2.

7

Additionally, Avondale argues that Mr. Hutchins would have been exposed to Babcock & Wilcox asbestos aboard the *Genevieve Lykes*. (Rec. Doc. 439, at 3). Avondale points to the testimony of Wirley Parks who stated that the *Genevieve Lykes* was outfitted with two Babcock & Wilcox boilers during the 84 days when Mr. Hutchins worked aboard this vessel. Avondale also points again to the testimony of Ronald Spencer. Mr. Hutchins served as the First Engineer aboard the *Genevieve Lykes*, and Mr. Spencer testified that as First Engineer, Mr. Hutchins would have overseen and performed all engine room maintenance including to the boilers. (Spencer Deposition, Rec. Doc. 439-10, at 9). Finally, Avondale points to the testimony of Plaintiffs' expert Troy Corbin who testified that Mr. Hutchins was exposed to asbestos from boiler insulation and from Plaintiffs' medical expert, Dr. Richard Kradin who testified that asbestos from boiler insulation was a significant contributing factor to his mesothelioma. (Rec. Doc. 439, at 7, 8).

Continental also points to Mr. Hutchins' trust claim form which was submitted to the Babcock & Wilcox claims trust. In reply, Plaintiffs argue against the admissibility of this evidence. However, the Court has no need to address whether these materials are admissible at this time, because even without any information pertaining to the trust claims, Defendants have pointed out genuine issues of material fact as to whether Mr. Hutchins was exposed to Babcock & Wilcox asbestos and whether this asbestos was a substantial factor in causing his mesothelioma due to his active work with asbestos-containing materials. *See McAskill*, 9 So.3d at 268. Therefore,

Plaintiffs' *Motion for Partial Summary Judgment as to Babcock & Wilcox* **(Rec. Doc. 358)** is **DENIED**.

3. *Motion for Partial Summary Judgment as to Combustion Engineering* **(Rec. Doc. 360)**

Plaintiffs have also moved for partial summary judgment as to Combustion Engineering ("CE"), arguing that "none of the evidence in this case establishes that Mr. Hutchins worked with or around products for which Combustion Engineering is responsible, much less that any product allegedly sold, supplied, and/or distributed by any settling Defendant or non-party was a source of his asbestos exposures." (Rec. Doc. 360, at 4).

Both Avondale and Continental Insurance have filed oppositions arguing that there are genuine issues of material fact relating to exposure. (Rec. Docs. 439, 446). Avondale argues that Mr. Hutchins would have been exposed to CE asbestos when he worked on the *Margaret Lykes* as a Second Engineer. (Rec. Doc. 439, at 6). As Second Engineer, Mr. Hutchins would have been specifically in charge of any work done on the asbestos-containing boilers aboard the *Margaret Lykes*. (Spencer Deposition, Rec. Doc. 439-10, at 8). Additionally, Avondale again points to the testimony of Plaintiffs' industrial hygiene expert, Troy Corbin, who opined that Mr. Hutchins would have been exposed to asbestos while working on the boilers and continually exposed while he was in his living quarters aboard the ship because asbestos fibers would circulate through the ventilation systems. (Corbin Report, Rec. Doc. 439-12). Avondale also points to the opinion of Plaintiffs' medical expert, Dr.

Richard Kradin who testified that asbestos from boiler insulation was a significant contributing factor to his mesothelioma. (Rec. Doc. 439, at 8). This evidence alone is sufficient to show that there are genuine issues of material fact relating to Mr. Hutchins' exposure to asbestos by CE.

Continental also points to Mr. Hutchins' trust claim form which was submitted to the CE claims trust. In reply, Plaintiffs argue against the admissibility of this evidence. However, the Court has no need to address whether these materials are admissible at this time, because even without any information pertaining to the trust claims, Defendants have pointed out genuine issues of material fact as to whether Mr. Hutchins was exposed to CE asbestos and whether this asbestos was a substantial factor in causing his mesothelioma due to his active work with asbestos-containing materials. *See McAskill*, 9 So.3d at 268. Therefore, Plaintiffs' *Motion for Partial Summary Judgment as to Combustion Engineering* **(Rec. Doc. 360)** is **DENIED.**

4. *Motion for Partial Summary Judgment as to Dixie Machine* **(Rec. Doc. 361)**

Plaintiffs again argue that "none of the evidence in this case establishes that Mr. Hutchins worked with or around products for which Dixie Machine is responsible, much less that any product allegedly sold, supplied, and/or distributed by any settling Defendant or non-party was a source of his asbestos exposures." (Rec. Doc. 361, at 4).

Continental and Avondale have both opposed this motion. (Rec. Docs. 452, 456). Continental points again to the testimony of John W. Fitzpatrick who was the Second

10

Engineer aboard the *Elizabeth Lykes* for 60 days in 1976 while Mr. Hutchins was working as either First Engineer or Chief Engineer. (Rec. Doc. 452, at 2). Mr. Fitzpatrick testified that, as a daytime shift worker, Mr. Hutchins would have been responsible for the majority of the maintenance tasks aboard Lykes Bros. vessels. *Id.* at 3. Continental also relies on the testimony of John Lamarque, Horace George, and Harry F. Marsh who all testified that Dixie Machine would come aboard Lykes Bros. vessels to perform repair work. *Id.* at 3.

Avondale points to the testimony of Dixie Machine's corporate representative, Thomas Kronenberger, who testified that Lykes Bros. was Dixie Machine's biggest customer, and that it was not uncommon for Dixie Machine employees to cut and replace asbestos-containing pipe insulation in the engine rooms of Lykes Bros. vessels. (Kronenberger Depositions, Rec. Doc. 456-3, at 3, Rec. Doc. 456-4, at 2). Avondale also cites the testimony of Dr. Richard Kradin, who opined that Mr. Hutchins, as a Chief Engineer responsible for overseeing shore-gangs such as those supplied by Dixie Machine, would have been exposed to significant amounts of asbestos by the crews doing the repair work. (Kradin Deposition, Rec. Doc. 456-13, at 3).

Based on this evidence, Defendants have demonstrated genuine issues of material fact as to whether Mr. Hutchins was exposed to asbestos by Dixie Machine and whether this asbestos was a substantial factor in causing his mesothelioma due to his active work with asbestos-containing materials. See McAskill, 9 So.3d at 268..

Therefore, Plaintiffs' *Motion for Partial Summary Judgment as to Dixie Machine* **(Rec. Doc. 361)** is **DENIED**.

5. *Motion for Partial Summary Judgment as to Foster Wheeler* **(Rec. Doc. 366)**

Plaintiffs again argue that "none of the evidence in this case establishes that Mr. Hutchins worked with or around products for which Foster Wheeler is responsible, much less that any product allegedly sold, supplied and/or distributed by any settling Defendant or non-party was a source of his asbestos exposures." (Rec. Doc. 366, at 4).

Continental and Avondale have both opposed the motion. (Rec. Docs. 418, 424). Continental argues that Foster Wheeler manufactured the boiler on the *Allison Lykes* on which Mr. Hutchins served and may have also manufactured a boiler on the *Elizabeth Lykes*. (Rec. Doc. 424, at 2). Continental also points to the testimony of William Kammerzell who testified in a separate lawsuit that the Foster Wheeler boiler aboard the *Allison Lykes* contained asbestos. Avondale points to testimony from John Fitzpatrick and Ronald Spencer who both testified that Mr. Hutchins worked on the alleged Foster Wheeler boilers cutting asbestos containing insulation and manipulating asbestos-containing gaskets. (Rec. Doc. 418, at 2, 3). Avondale also points to testimony from corporate representatives of Foster Wheeler who testified that Foster Wheeler boilers were installed on Lykes Bros. vessels at Avondale, and that ninety percent of the insulating materials used on these boilers contained asbestos. *Id.* at 6.

Defendants have pointed out genuine issues of material fact as to whether Mr. Hutchins was exposed to Foster Wheeler asbestos and whether this asbestos was a substantial factor in causing his mesothelioma due to his active work with asbestos-containing materials. *See McAskill*, 9 So.3d at 268. Therefore, Plaintiffs' *Motion for Partial Summary Judgment as to Foster Wheeler* **(Rec. Doc. 366)** is **DENIED.**

6. *Motion for Partial Summary Judgment as to International Paper* **(Rec. Doc. 372)**

Plaintiffs again argue that "none of the evidence in this case establishes that Mr. Hutchins worked with or around products for which International Paper is responsible, much less that any product allegedly sold, supplied and/or distributed by any settling Defendant or non-party was a source of his asbestos exposures." (Rec. Doc. 372, at 4).

Only Avondale has opposed this motion. (Rec. Doc. 429). Avondale argues that International Paper was the sole supplier/distributor of asbestos-containing Micarta, a product use by Hopeman Brothers to create wallboards used in the crew living space on all the Lykes Bros. vessels. (Rec. Doc. 429, at 3, 4). Avondale points to the testimony of Harry Marsh who worked as an electrician and junior engineer aboard Lykes Bros. vessels. Mr. Marsh testified that copious amounts of dust were created whenever these wallboards were cut into, both at sea and shoreside. (Rec. Doc. 429-13, at 3, 4). Finally, Avondale points to the testimony of Mr. Corbin and Dr. Kradin who both opined that Industrial Paper Micarta within the wallboards within Lykes

Bros. vessels would have been a significant contributing factor in the development of Mr. Hutchins' mesothelioma. *Id.* at 8.

Defendants have pointed out genuine issues of material fact as to whether Mr. Hutchins was exposed to Industrial Paper asbestos from the wallboards aboard every Lykes Bros. vessel he worked on and whether this asbestos was a substantial factor in causing his mesothelioma due to his active work with asbestos-containing materials. *See McAskill*, 9 So.3d at 268. Therefore, Plaintiffs' *Motion for Partial Summary Judgment as to Industrial Paper* **(Rec. Doc. 372)** is **DENIED.**

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Motions for Partial Summary Judgment **(Rec. Docs. 357, 358, 360, 361, 366, and 372)** are **DENIED**.

New Orleans, Louisiana, this 24th day of April, 2023.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE